IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NUMBER: 1:16-CV-01242

| | |
|---|---|
| GARIEL ROSS, )<br>　　*Plaintiff*, )<br>　　　　　　　　　　　　　　　　) <br>　　vs. ) <br>　　　　　　　　　　　　　　　　) <br>THOMAS BUILT BUSES, INC., ) <br>　　*Defendant*. ) | COMPLAINT<br>(*Jury Trial Requested*) |

1.

This action is brought by a male citizen of Guilford County, Greensboro, North Carolina, for damages. Plaintiff seeks to restrain Defendant from maintaining a policy, practice, custom or usage of discriminating and retaliating against Plaintiff for exercising his rights under the Family Medical Leave Act ("FMLA"), 29 C.F.R. § 825 with respect to compensation, terms, conditions and privileges of employment in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee.

2.

Jurisdiction of the Court is invoked pursuant to 28 USC § 1343 (3) and (4), 28 USC § 1331, and 42 USC § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to Plaintiff by the FMLA, 29 C.F.R. § 825 et. seq.

3.

All conditions precedent to jurisdiction under 29 C.F.R. § 825.400(a)(2) have occurred or been complied with.

4.

Plaintiff, Gariel Ross, is a male citizen of the United States and the State of North Carolina and resides in Guilford County, North Carolina.

1

5.

The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Guilford County, North Carolina.

6.

Defendant is a school bus manufacturing company qualified to do business in Guilford County, and the state of North Carolina.

7.

Defendant is an employer engaged in an industry that affects commerce and employs more than fifty (50) employees.

8.

Plaintiff began his employment as an Assembly Technician with the Defendant in approximately February, 2005, in Greensboro, North Carolina. The Plaintiff was terminated on or about April 27, 2016 due to no fault of his own.

9.

After visiting the company nurse in the medical department on or about April 11, 2016, the Plaintiff left work due to a swollen right knee.

10.

On or about April 15, 2016, the Plaintiff contacted Sedgewick Insurance Company, the third party administrator of the Defendant's FMLA plan, to request the appropriate medical certification forms for FMLA requests. Sedgewick complied and informed the Plaintiff that the medical certification needed to be completed by the Plaintiff's healthcare provider on or before May 5, 2016.

11.

Between April 12-27, 2016, the Plaintiff continued to follow company policy by calling in to report his continued serious medical condition.

12.

The Plaintiff's healthcare provider completed the FMLA forms and the Plaintiff faxed the documentation to Sedgewick on or about April 29, 2016. The doctor supported the Plaintiff's FMLA leave request and provided adequate information to support the granting of the Plaintiff's leave request.

13.

Notwithstanding the foregoing, the Plaintiff's leave request pursuant to FMLA was denied and he was terminated, allegedly due to excessive absences.

14.

After the Plaintiff's FMLA request was denied by Sedgewick, he contacted his supervisors and requested reconsideration. Again, his request was denied. The Plaintiff was told that the request was denied because his knee injury was a "new" condition and therefore it did not qualify under FMLA as a serious health/medical condition. Thereafter, the Plaintiff lost all benefits and privileges of employment, including health benefits for himself and lost wages.

15.

Plaintiff contends that at all times alleged herein, he was qualified for the position he held with the Defendant Company. He further contends that he was eligible for leave pursuant to FMLA, in that he had worked the requisite hours within the twelve (12) months prior to requesting FMLA leave. The Plaintiff further contends that he suffered from a serious health/medical condition and that he provided the Defendant with supporting documentation regarding his condition.

16.

Notwithstanding the foregoing, the Defendant willfully, improperly, and unjustifiably denied his leave under FMLA in violation of the FMLA.

17.

All supervisors were, at all times herein, working within the course and scope of their employment and in furtherance of the employers business. Further, pursuant to the doctrine of respondeat superior, the Defendant is vicariously liable for acts herein alleged against those co-workers and supervisors. Alternatively, the acts of the aforementioned employees may not have been within the scope of their employment. Plaintiff alleges that the employer remains liable for its negligent retention of those employees.

18.

Defendant's failure to act constituted a ratification of the supervisors' acts. Further, Defendant did not act in good faith when denying the Plaintiff's FMLA leave request.

**COUNT ONE**

The Defendant Company is liable to the Plaintiff for denying his leave pursuant to FMLA in violation of 29 C.F.R. §825 when he suffered from a serious health/medical condition which was supported by a medical doctor and where the Plaintiff was eligible for leave under the FMLA; and for terminating him in violation of 29 C.F.R. §825.

WHEREFORE, Plaintiff prays the Court that it:

1. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with Attorneys fees and the costs and disbursements of this action;

2. Award Plaintiff punitive damages;

3. Award Plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

4. Award Plaintiff frontpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

5. Award Plaintiff liquidated damages;

6. Reinstate Plaintiff to his previous, or a substantially similar, position within the company;

7. Grant Plaintiff a jury trial on all issues of fact; and

8. Grant such other relief as may be just and proper.

This the 24th of October, 2016.

GRAY NEWELL THOMAS, LLP

BY: /s/ Angela Gray
     Angela Newell Gray
     7 Corporate Center Court, Suite B
     Greensboro, NC  27408
     Telephone:    (336) 724-0330
     Facsimile:     (336) 458-9359
     Email: angela@graynewell.com
     *Attorney for Plaintiff*
     N.C. Bar #21006